**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RAMON VEGA CRUZ, aka Ramon
Martinez,

     Defendant-Appellant.

No. 99-4009
(D.C. No. 98-CR-327)
(D. Utah)

**ORDER AND JUDGMENT**\*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **BRORBY,** Circuit Judges.

Appellant Ramon Vega Cruz pled guilty to violating 8 U.S.C. § 1326. He

appeals from the denial of his motion to withdraw his guilty plea. We affirm.

Following a narcotics conviction, Mr. Vega Cruz was deported from the

United States in July, 1996. Sometime thereafter, he re-entered the United States

and on November 28 he was arrested in Utah on state narcotics charges. He has

---

\*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remained imprisoned ever since. On June 11, 1998, Mr. Vega Cruz was indicted by a federal grand jury for illegally re-entering the country in violation of 8 U.S.C. § 1326. The indictment alleged Mr. Vega Cruz "was found in" the United States "on or about June 11, 1998." After a hearing on the matter, Mr. Vega Cruz pled guilty to the offense charged in the indictment. Shortly before sentencing, Mr. Vega Cruz filed a motion to set aside his guilty plea, asserting he was innocent of the crime as a matter of law because he was involuntarily in the United States on June 11, 1998, due to his incarceration. The district court denied the motion.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996). "We will not reverse unless [the defendant] can show that the trial court acted unjustly or unfairly." *Id.* Mr. Vega Cruz argues the district court acted unjustly and unfairly because he was incarcerated and therefore was not "voluntarily" in the United States when he was found.

In determining whether a defendant has established a fair and just reason why his plea should be withdrawn, this court has identified seven factors the district court should weigh. *See id.* at 420.[1] Mr. Vega Cruz concedes the district

_____

[1]The seven factors to be considered are:
    (1) whether the defendant has asserted his innocence;
    (2) prejudice to the government;

-2-

court considered these seven factors before finding he failed to demonstrate a fair and just reason to withdraw his plea. His only argument on appeal is that he is innocent as a matter of law.

Mr. Vega Cruz' intent to be in the United States on the date he was found here is an irrelevant consideration under section 1326. To sustain a conviction under this provision, the only intent the government must prove is the defendant's general intent to enter the United States without authorization. *See United States v. Martinez-Morel*, 118 F.3d 710, 713 (10th Cir. 1997). Mr. Vega Cruz does not argue he did not intend to re-enter the United States.

Faced with the same argument, the Ninth Circuit has also held the defendant's intent to be in the United States at the moment he is found is irrelevant. *See United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995). Although Mr. Ortiz-Villegas was incarcerated at the time he was found in the United States, the Ninth Circuit recognized he "was voluntarily in this country at the time that he was apprehended and convicted of a crime. His inability to depart this country was of his own making." *Id.* at 1437 n.2.

---

(3) delay in filing defendant's motion;
(4) inconvenience to the court;
(5) defendant's assistance of counsel;
(6) whether the plea is knowing and voluntary; and
(7) waste of judicial resources.
*Carr*, 80 F.3d at 420.

The same is true in this case. The district court's denial of Mr. Vega Cruz'

motion to withdraw his guilty plea was certainly not unjust or unfair on the basis

of Mr. Vega Cruz' erroneous allegation of legal innocence. Mr. Vega Cruz has

failed to show the district court abused its discretion in denying the motion.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge